1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT D. RICARDO,

11              Petitioner,                    No. CIV S-08-2342 FCD EFB P

12       vs.

13   M. MARTEL, Warden,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss this action on the ground

18   that petitioner failed to exhaust his state remedies.  Petitioner moves to stay and abey his petition

19   until he has exhausted his state court remedies.  For the reasons explained below, the court finds

20   that both motions must be denied.

21   **I.       Procedural History**

22       Petitioner was convicted in the Solano County Superior Court of rape in concert, rape by

23   the use of intoxicants, and rape of an unconscious victim.  Resp.'s Mot. to Dism. ("Resp.'s

24   Mot"), Ex. 1.  He was sentenced to seven years in state prison.  *Id.*

25   ////

26   ////

1

1    Petitioner appealed to the California Court of Appeal, First Appellate District, which

2    affirmed the judgment on May 2, 2007. *Id.* He next filed a petition for review in the California

3    Supreme Court, which was denied on July 11, 2007. Resp.'s Mot., Ex. 2.

4    Petitioner filed a habeas petition in the Solano County Superior Court on June 11, 2008,

5    and a supplemental petition adding two claims on July 25, 2008, which were denied on August 7,

6    2008. Pet'r's Reply and Mot. to Stay and Abey ("Pet'r's Reply Mot."), Ex. A; Resp.'s Mot., Ex.

7    3. Petitioner filed a habeas petition in the California Court of Appeal on August 26, 2008, and a

8    supplemental petition adding two claims on September 16, 2008, which were denied on

9    September 25, 2008. Pet'r's Reply Mot., Ex. B; Resp.'s Mot., Ex. 3. In denying the petition, the

10   Court of Appeal wrote that, as to the claims contained in the supplemental petition, "[p]etitioner

11   does not demonstrate that he has exhausted his habeas remedy in the superior court . . . .

12   Accordingly, said claims are denied without prejudice to being raised in the first instance in the

13   sentencing court." Pet'r's Reply Mot., Ex. C. Petitioner then filed another habeas petition

14   containing the two claims in the Solano County Superior Court on October 15, 2008, which was

15   denied on December 15, 2008. *Id*., Ex. D. Petitioner filed another habeas petition in the

16   California Court of Appeal on January 26, 2009, which was denied on January 29, 2009. *Id*., Ex.

17   E. Finally, petitioner filed a habeas petition in the California Supreme Court on May 11, 2009.

18   *Id.* The petition was denied on October 14, 2009. *Ricardo (Robert D.) on H.C.*, 2009 Cal.

19   LEXIS 10811 (Cal. Oct. 14, 2009).

20   This petition was filed on October 3, 2008.

21   **II.    Exhaustion of State Remedies**

22   A district court may not grant a petition for a writ of habeas corpus unless the petitioner

23   has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Exhaustion of state

24   remedies requires that petitioners fairly present federal claims to the highest state court, either on

25   direct appeal or through state collateral proceedings, in order to give the highest state court "the

26   opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*

2

1   *v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).  "[A] state prisoner has

2   not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically

3   indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232

4   F.3d 666 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000).

5       The court may stay a mixed petition, i.e., one containing exhausted and unexhausted

6   claims, to allow a petitioner to present unexhausted claims to the state courts.  *Rhines v. Weber*,

7   544 U.S. 269, 277 (2005).

8       Respondent argues that petitioner has not exhausted his claims because the instant habeas

9   petition raises issues that were not raised in petitioner's initial appeal to the California Court of

10   Appeal or his petition for review in the California Supreme Court.  *See* Resp.'s Mot. at 2.  But

11   respondent ignores the three petitions that petitioner filed in California courts on October 15,

12   2008, January 26, 2009, and May 11, 2009.  Respondent's motion to dismiss was filed on June

13   15, 2009, more than a month after the last of these petitions was filed.  *Id*. at 3.  Curiously, the

14   motion fails to mention these three petitions, even though petitioner had already filed copies of

15   the rulings on the first two petitions as exhibits to his May 5, 2009 motion to stay, in which he

16   wrote that he was "in the process of proceeding in the California Supreme court [sic] for his final

17   exhustion [sic]."  *See* Pet'r's Reply Mot. at 2.

18       Petitioner has now filed with the court a copy of his petition to the California Supreme

19   Court raising all of the claims in the instant petition.  *See Id*., Ex. E.  The California Supreme

20   Court denied his petition on October 14, 2009.  *Ricardo (Robert D.) on H.C.*, 2009 Cal. LEXIS

21   10811.  While petitioner's claims may not have been exhausted at the time that he filed the

22   instant petition, they are now exhausted.  *See Castro v. Long*, 2006 U.S. Dist. LEXIS 58923

23   (E.D. Cal. Aug. 17, 2006).  Respondent's motion to dismiss should be denied.

24       Petitioner moved the court to stay the instant petition and hold it in abeyance while he

25   exhausted his claims. Pet'r's Reply Mot. at 2.  As petitioner's claims are now exhausted, this

26   request is moot.  *See Genniro v. Salazar*, 2008 U.S. Dist. LEXIS 52903 (C.D. Cal. July 9, 2008).

Accordingly, it is hereby RECOMMENDED that:

1.     Petitioner's May 5, 2009 motion to stay be denied;

2.     Respondent's June 15, 2009 motion to dismiss be denied;

3.     Respondent be directed to file and serve an answer, and not a motion, responding to the application within 60 days from the date of this order, *see* Rule 4, Rules Governing Section 2254 Cases, and that the answer be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application, *see* Rule 5, Rules Governing Section 2254 Cases;

4.     Petitioner be directed that his reply, if any, shall be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 21, 2009

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE